UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TILE, INC.,                                                    :
                                                           :   **MEMORANDUM**
                  Plaintiff, :   **DECISION AND ORDER**
                                                           :
      - against -                         :   20-cv-2297 (BMC)
                                                           :
                                                           :
COMPUTRON SYSTEMS INTERNATIONAL,                               :
                                                           :
                  Defendant. :
-------------------------------------------------------------- X

**COGAN**, District Judge.

    Plaintiff manufactures and distributes branded and trademarked electronic devices known as "Bluetooth trackers." Defendant has been selling online used, counterfeit, or liquidation versions of plaintiff's products. The case is before me on plaintiff's motion for a default judgment under Federal Rule of Civil Procedure 55(b), the Clerk of Court having entered defendant's default under Rule 55(a). Defendant has not opposed. Plaintiff has demonstrated the right to statutory damages and injunctive relief for the reasons set forth below.

## BACKGROUND

    The following facts are supported by the allegations in the complaint and the evidence submitted with plaintiff's motion for a default judgment.

    "Bluetooth trackers" are small devices that are attached to or placed in other objects. The tracker sends out a signal that the owner can monitor with software, usually on a cellular telephone (although I think on a computer too, which is good if you put the tracker on your cellphone and misplace it), and the signal tells the owner where the object and its attached

tracker are located. It's very useful for people who sometimes forget where they put things, whether keys, wallets, automobiles, or anything else to which they can attach a tracker.

Plaintiff is one of the leading manufacturers, if not the leading manufacture, of such trackers, known as "Tile" products (because the products generally look like a small tile), and is the exclusive owner of two federally registered trademarks. I hardly needed plaintiff's affidavit in support of its default judgment motion to confirm my own knowledge that plaintiff spends a lot of money in advertising and promoting the marks, but the proof does in fact amply confirm what I have seen. Plaintiff maintains a network of authorized retailers, and its efforts have made its products under their marks very well known.

Defendant is not and has never been an authorized reseller. Through sources that are not disclosed in the case, defendant has nevertheless obtained used, counterfeit, or "liquidated" (plaintiff does not explain what liquidated means) Tile-marked products and has been selling them over the internet. In doing that, defendant misrepresents that the products are "new" when in fact they are not new. Defendant also misrepresents that the products are being sold with plaintiff's warranty, when in fact they are not, because the warranty by its terms is void when the product is sold by an unauthorized retailer.

Plaintiff's complaint asserts two claims for injunctive relief and damages, the first for trademark infringement under 15 U.S.C. § 1114 and the second for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).[1] Plaintiff seeks statutory damages of $1,000,000, and an injunction prohibiting defendant from acquiring or continuing to sell products with plaintiff's trademark.

---

[1] I commend plaintiff's counsel for not loading up the complaint with duplicative and unnecessary federal and state claims for relief, as often happens in these cases.

2

**DISCUSSION**

In the context of a motion for default judgment, a court accepts the well-pleaded allegations of a complaint pertaining to liability as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "Thus, the court must look to the allegations of the complaint regarding liability to determine whether plaintiff has adequately pled its claims." Philip Morris USA, Inc. v. Jackson, 826 F. Supp. 2d 448, 451 (E.D.N.Y. 2011).

Here, plaintiff's complaint easily states two claims for relief under the Lanham Act. "The Lanham Act prohibits the use in commerce, without consent, of any 'registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods,' in a way that is likely to cause confusion." Time, Inc. v. Petersen Publ'g Co. L.L.C., 173 F.3d 113, 117 (2d Cir. 1999) (quoting 15 U.S.C. § 1114(1)(a)). To succeed on a claim for trademark infringement under the Lanham Act, a plaintiff must show two things: (1) that "it has a valid mark entitled to protection," and (2) that "the defendant's use of it is likely to cause confusion." Id. (internal quotation marks and citations omitted).

As for the first element, registered trademarks are entitled to a presumption of validity. See 15 U.S.C. § 1057(b) ("A certificate of registration of a mark . . . shall be prima facie evidence of the validity of the registered mark . . . ."); CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 151 (E.D.N.Y. 2011). Here, the two marks upon which plaintiff is suing are registered with the USPTO, and they are therefore deemed valid and entitled to protection for the purposes of this motion.

With respect to the second element, courts in the Second Circuit consider the factors articulated in Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961), to determine whether a defendant's use of plaintiff's valid mark is likely to cause confusion. Time,

Inc., 173 F.3d at 117. However, I hardly think that the Polaroid factors are of much relevance in a case like this one involving counterfeit and gray market goods. See Dan-Foam A/S v. Brand Named Beds, LLC, 500 F. Supp. 2d 296, 312 (S.D.N.Y. 2007) (noting the limited relevance of the Polaroid factors in gray market cases because "the trademark at issue is always plaintiff's actual mark" and is placed on a product that is "*almost* the same"). It is self-evident that a consumer buying a Tile-branded product from defendant thinks he is getting an authorized Tile product when he is not, and he is thereby confused. The misrepresentation of the warranty and the origin of the product is the very *raison d'etre* for defendant's tortious conduct. Plaintiff's motion proves every element of federal trademark infringement and false designation of origin required under the Lanham Act.

Various measures of damages are available for willful Lanham Act violations. Here, plaintiff seeks statutory damages of $1,000,000. The statute permits damages of between $1000 and $2,000,000 per infringed mark, 15 U.S.C. § 1117(c), so in effect, plaintiff is seeking $500,000 for each of its two marks. Plaintiff arrives at that number through the following considerations: (1) defendant's default makes it impossible to ascertain its profits, and plaintiff should not be held responsible for that; (2) the COVID-19 pandemic has spurred online sales, and it should be presumed that defendant has benefited from that; (3) a seven-figure judgment will have more of a deterrent effect on defendant but particularly on other potential infringers than a six-figure judgment; and (4) the collectability of all or any of the judgment is speculative. Plaintiff also notes that it has been able to find illegal sales by defendant of $136,000 of phony products, which it considers the tip of the iceberg. I agree with all of these considerations. I also think that because of defendant's default in not only failing to respond to the summons and

complaint, but to this motion, defendant should not get the benefit of any doubt. I will therefore award $1,000,000 in statutory damages.

There is similarly no question about injunctive relief. Both irreparable harm and the inadequacy of a damage remedy standing alone are apparent. There is nothing stopping this defendant from continuing its infringement except this Court's intervention.

## CONCLUSION

Plaintiff is entitled to a default judgment, including injunctive relief, as described above. Judgment will enter separately pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED.**

                                                                           U.S.D.J.

Dated: Brooklyn, New York
       August 3, 2020